[No. 19477.   Department One.—June 27, 1895.]

CHARLES H. HENRY, RESPONDENT, v. H. M. BAR-
TON ET AL., APPELLANTS.

MUNICIPAL ORDINANCE — LIQUOR LICENSE — DUTY OF CITY TRUSTEES—
ABSENCE OF DISCRETION—MANDAMUS.—Where the ordinance of a city
entitles every man who complies with its provisions to a retail liquor
license, upon written application to the trustees, and the giving of a
bond conditioned to keep a quiet and orderly house, one who complies
with such provisions is entitled to the license, and the trustees have no
discretion to say that the license shall not be granted, and they will be
compelled by mandamus to issue a license to the applicant.

APPEAL from a judgment of the Superior Court of
San Bernardino County.

The facts are stated in the opinion of the court.

*Rolfe & Rolfe,* for Appellants.

*E. E. Rowell,* for Respondent.

GAROUTTE, J.—Respondent in the trial court secured
a judgment of mandate against Barton and others, trus-
tees of the city of San Bernardino, requiring them, as
such trustees, to issue to him a retail liquor license.
This is an appeal prosecuted from such judgment.   It
is provided by ordinance of that city that "for every
saloon, bar, or place where spirituous, vinous, etc.,
liquors are sold or given away in less quantities than
one quart, a license tax of fifty dollars a month is im-
posed."   It is further provided that any person desirous
of engaging in such business must make written appli-
cation to the board of trustees for a license therefor,
and such application must be accompanied with a bond
with two sureties in the sum of two thousand dollars,
conditioned that the applicant shall keep a quiet and
orderly house, etc.   The application contemplated by
the ordinance was made, accompanied by a good and
sufficient bond.   This is conceded by the trustees, but
they denied the application, upon the ground "that in
the exercise of their best judgment and discretion in

said matter, and under and in pursuance of an honest belief on the part of the members of said board that the welfare and good order of said city and the inhabitants thereof required that the granting of such license be refused." No evidence was taken in the case, and consequently we know nothing of the specific facts or grounds upon which this action of the trustees was based; but, as we look at the case, the grounds, whatever they may have been, are wholly immaterial.

This action of the trustees cannot be successfully maintained. The ordinances of the city of San Bernardino, as they now stand, entitle every man who complies with their provisions to a retail liquor license, and this respondent complied with these provisions. Trustees of cities have no power except that given them by express provision of law, and we find no power in any of these ordinances vesting in them discretion as to the granting or denying an application for a liquor license. In the absence of some express legislative enactment granting such right there is no principle of law that will allow the trustees of any city to say that a liquor license shall be granted to A and the same right denied to B.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.