[Civ. No. 2746. Second Appellate District.—November 15, 1918.]

## CO-OPERATIVE JUNK COMPANY OF CALIFORNIA (a Corporation), Respondent, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Appellants.

MUNICIPAL CORPORATIONS—LOS ANGELES—LICENSES—JUNK DEALERS.— The city of Los Angeles, in the exercise of its police powers, had the right to determine that the business of junk dealer is one which requires constant police supervision, and that licenses to conduct such business should not issue as of course, but that the board of police commissioners should examine every application and, determine whether the proposed place of business was appropriately located and the applicant a fit person to be permitted to conduct such business.

ID.—MANDAMUS—PLEADINGS.—A complaint in a proceeding seeking a writ of mandate to compel the board of police commissioners to issue a permit to the plaintiff to obtain from the city clerk a license to conduct the business of a junk dealer does not state a cause of action when it does not allege that the board or its members refused to hear the application upon its merits, or that they were actuated by malice or a desire to promote a monopoly or by corrupt motive.

APPEAL—JUDGMENT ON PLEADINGS—RECORD—EVIDENCE NOT CONSIDERED.—Where upon an appeal from a judgment the record shows that the court abandoned the trial upon the facts and rendered judgment upon the pleadings, the fact that the court heard evidence in the case cannot be considered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Erwin W. Widney, W. K. Crawford, Albert Lee Stephens, and W. P. Mealey, for Appellants.

Shapiro & Shapiro, for Respondent.

CONREY, P. J.—The defendants appeal from a judgment awarding to the plaintiff a writ of mandate. Although the case went to trial upon the complaint and answer, the court did not make any findings of fact or conclusions of law, and the judgment seems to have been entered pursuant to a motion for judgment on the pleadings. The judgment states that the case came on regularly to be heard before the court sitting without a jury and that "witnesses for the plaintiff and defendant having been sworn and examined, whereupon counsel for petitioners moved the court for an order directing that a writ of mandate issue herein, upon the pleadings of the respective parties, and, now being fully advised in the premises, the court doth adjudge and order that the defendants and each of them issue to the said Co-operative Junk Company of California a permit for a license to conduct a junk dealer business in the city of Los Angeles," etc.

The plaintiff's claim of right to a permit for a license to conduct the business of junk dealer in the city of Los Angeles is based upon a city ordinance, a copy of which is set out in the complaint. That is an ordinance regulating certain businesses, including the business of junk dealers and the business of junk collectors. It is provided that the city clerk shall not issue a license to any person to conduct the business of junk dealer until the board of police commissioners shall have granted a permit therefor; that any person desiring to obtain a permit to carry on that business shall file an application in writing therefor with the board of police commissioners, specifying by street and number the place where such business is proposed to be conducted; that it shall be unlawful for any person to carry on the business of junk dealer without first applying for and receiving a permit therefor in writing from the board of police commissioners. The ordinance contains numerous regulatory provisions which the city council deemed to be appropriate in order that businesses of that kind might be conducted in accordance with public welfare.

The complaint shows that the plaintiff was a corporation duly organized for the purpose of conducting the business of

junk dealer; that the plaintiff made and filed its application in writing for a permit, as required by the terms of the ordinance, and complied in all respects with the formalities necessary under the ordinance to bring its application before the board of police commissioners. It is alleged that the board of police commissioners denied the application of the petitioner and refused to issue a permit for the demanded license; that the petitioner demanded from the board an explanation of the reasons for such refusal, but the board refused to make any statement of such reasons; that the petitioner "is being discriminated upon and improperly oppressed by the said board of police commissioners." There is no allegation that the board or its members refused to hear the application upon its merits, or that they were actuated by malice or by a desire to promote a monopoly or by any corrupt motive.

The argument of counsel for respondent shows that the plaintiff is proceeding upon the theory that the issuance of a permit of the kind here demanded is a ministerial act, concerning which no discretionary power is vested in the board of police commissioners.

Counsel for respondent claim that it was not incumbent upon respondent to establish abuse of discretion by appellants. They insist that it must be assumed that upon complying with the formal requirements incident to an application for a permit as provided by the ordinance, the applicant is entitled as of right to have the permit issued. As authority for this rule, they rely upon such cases as *Henry* v. *Barton,* 107 Cal. 535, [40 Pac. 798]. There a judgment was affirmed which awarded a writ of mandate requiring the issuance of a retail liquor license. The court says: "The ordinances of the city of San Bernardino, as they now stand, entitle every man who complies with their provisions to a retail liquor license, and this respondent complied with these provisions. Trustees of cities have no power except that given them by express provision of law, and we find no power in any of these ordinances vesting in them discretion as to the granting or denying an application for a liquor license. In the absence of some express legislative enactment granting such right, there is no principle of law that will allow the trustees of any city to say that a liquor license shall be granted to A and the same right denied to B." We think, however, that there is a very great difference between the ordinance upon which plaintiff's

claim was based in that case and the ordinance in question here. The city of San Bernardino at that time did not by its ordinance attempt in the exercise of its police power to vest in any officer or board the right or duty to examine into applications for licenses and grant or withhold permits therefor by the exercise of a supervisory discretion in such matters. But the city of Los Angeles, in the exercise of its undoubted police powers, has determined that the business of junk dealer is one which requires constant police supervision, and that licenses to conduct such business shall not issue as of course to every applicant. It is perfectly plain that when by ordinance it was provided that a license shall not issue until a permit therefor shall have been granted by the board of police commissioners, it was intended that the board shall examine into every such application and determine for itself whether or not the proposed place of business is appropriately located, and whether or not the applicant is a fit and proper person to be permitted to conduct such business. Considering the nature of the business and the special dangers to the public which would follow from the improper conduct thereof, there is no doubt in our minds that the business is one peculiarly appropriate to police supervision, although when properly conducted it is a perfectly legitimate business. Without casting any imputation upon the integrity and honesty of junk dealers, junk collectors, or pawnbrokers, it must be admitted that those occupations furnish a market where thieves frequently seek to turn into cash their ill-gotten plunder. This fact is sufficient to bring these occupations within the field wherein, in the exercise of its police power, the city may vest in its police commission a discretion in the matter of granting permits for licenses. "Holding as we do the right of the city under the charter to enact the ordinance under consideration, a court will not interfere with the discretion reposed in a proper board or tribunal, but will assume that official duty has been properly and lawfully performed, in the absence of positive proof to the contrary." (*Goytino* v. *McAleer,* 4 Cal. App. 655, [88 Pac. 991].)

The fact that the court heard evidence in this case cannot be considered by us, since the judgment itself shows that the court abandoned the trial upon the facts and rendered judgment upon the pleadings. For the reasons which have been stated, we are of the opinion that the complaint did not state

a cause of action. It follows that the court erred in granting judgment upon the pleadings.

The judgment is reversed.

James, J., and Myers, J., *pro tem.*, concurred.