[Civ. No. 5924.   Second Appellate District, Division Two.—June 6, 1930.]

SOUTHERN CALIFORNIA MUSIC COMPANY (a Corporation), Appellant, v. CORA A. LABES, Respondent.

Fred E. Peterson for Appellant.

Henry M. Lee for Respondent.

GATES, J., *pro tem.*—This is an action for claim and delivery in which plaintiff seeks to recover from defendant the possession of one Schultz player piano, alleged to be of the value of $400, and for damages in the sum of $100 for the alleged unlawful detention thereof. Defendant in her answer denies that plaintiff is the owner of the personal property in controversy or is entitled to the possession thereof. She also denies that she wrongfully withholds the property, alleging that she is the owner of the same, having paid the full purchase price thereof. After hearing the evidence the court gave judgment for the defendant and plaintiff appeals.

Appellant's first contention is that the evidence is insufficient to establish that respondent paid the full purchase price for the piano or that she is entitled to the possession of the same.

On or about October 2, 1923, appellant sold respondent the piano involved herein on an ordinary form of conditional sales contract for $600. The agreement executed by the parties was a twofold affair, the note being in the principal sum of $500 and the contract being, as stated, for the principal sum of $600. Appellant contends that respondent did not pay the full sum agreed and that at the commencement of the action there was due appellant the sum of $110 and interest on $190 from February 4, 1925, and on $110 from March 6, 1925. The payment of the $100 of October 2d is the principal matter in dispute.

A delivery ticket was introduced into evidence by appellant. In the lower portion thereof is found the following:

> "Cash      $100.
> Nov. 1st  $100.
> Per month   14
>            8%"

Just preceding the word "Cash" is found the letters "C.O.D." Mr. Hollister, salesman for appellant, testified that he wrote that when respondent would not pay cash when the contract was executed and she stated that she wanted to pay it the next day; that he wrote the word "Cash" and put on delivery the $100 payment; that he did not receive the $100 from respondent that day nor has he since that time. The ledger account of appellant was introduced. It shows a balance due of $110. All of the payments made, except the $110, have been credited to the account of the respondent. Respondent testified that at the time she purchased the piano she paid $100 on it, on October 2d $100 to Mr. Hollister, the salesman for appellant; on October 3d $100 to the driver who delivered it and on November 1st $100. She also testified to the payment of the $290 which was made on the principal. Respondent testified positively that she made the payment of $100 on October 2d to Mr. Hollister. This is the payment over which the disagreement arises. She further testified that she later went to the office of the appellant company and offered them the balance that was due; that they insisted that there was $180 more due; that she said: "Now, here is $80. I will pay you any other sum that is due except the $100." She further testified that she paid the $80 at that time, which sum appellant received and credited to her account.

There is a direct conflict in the evidence upon the payment of the $100. The trial court believed the respondent and found that she had paid the amount as testified to by her. There was sufficient evidence to support this finding. The rule is well settled that an appellate court will not disturb a finding of a lower court where there is a substantial conflict of evidence on material points and where there is some evidence to support the finding. (2 Cal. Jur. 921, and cases there cited.) While it is true that the trial court might have found the other way, we cannot substitute our judgment for that of the lower tribunal. (2 Cal. Jur. 926; *Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]; *Barry* v. *Coughlin,* 90 Cal. 220 [27 Pac. 197].) Also, the rule is well settled that the direct evidence of a single witness who is entitled to full credit is sufficient to prove any fact except perjury or treason; and such evidence is necessarily sufficient to create a substantial conflict in the

evidence regardless of the number of witnesses or the inferences supporting their testimony to the contrary. (2 Cal. Jur. 930; *Broder* v. *Conklin*, 121 Cal. 282 [53 Pac. 699].) The comparative number of witnesses for or against is not by any means the determining factor. (10 Cal. Jur. 1141.) The foregoing rule is just as applicable to the issue of payment as to any other issue. (*Goodrum* v. *Abajian*, 58 Cal. App. 485 [208 Pac. 695].)

■ Appellant makes the further point that the testimony offered of payments other than the $100 cash called for by the contract and the $390 shown by the receipts was improperly received, as it tends to vary a written contract by parol evidence. There is no merit to this contention. The contract of the parties was already executed. The evidence referred to did not vary nor tend to change the terms of the contract; it proved merely the manner of the performance of the contract, that is, the payment of a part of the principal sum or consideration. The receipts given by appellant to respondent were no part of the agreement entered into by them. A receipt is in itself not a contract but simply an acknowledgment of the fact of the payment or satisfaction of a debt. (*Doolittle* v. *McConnell*, 178 Cal. 697 [174 Pac. 305].) Payment, like any other relevant fact, may be proved by oral testimony.

■ The next point made by appellant is that there should have been a tender made. There is no merit to this point. Respondent offered to appellant and paid it the amount that the latter claimed was due, except the disputed item of $100. She refused to pay any more upon the theory that she was not obligated so to do. If the appellant claimed any further sum its agent should have so informed respondent at the time. She paid everything demanded of her except the $100 which the court found she did not owe. If there was $11.27 remaining unpaid there is nothing in the record to show that appellant called this to respondent's attention at the time it mentioned the $180 balance or at any other time. She was led by appellant to believe that there was $180 due according to their computations, $80 of which she was willing to and did pay. No objection was made by appellant that there was any amount due in excess of the $80 except the disputed sum of $100. Mr. McKenny, credit manager of appellant, refused to receipt respondent in

full after she had paid the $80, but credited the $80 paid on the contract. Appellant should not now be allowed to question the tender. (Code Civ. Proc., sec. 2076.)

Appellant for the first time makes the contention that Mr. Hollister was only its representative and was not authorized to collect money. This point was not raised at the time of the trial and cannot now be raised for the first time on appeal. (*Lugiani* v. *Syphon Co.*, 38 Cal. App. 146 [175 Pac. 648]; *National Union Fire Ins. Co.* v. *Nason*, 21 Cal. App. 297, 299 [131 Pac. 755].)

As to appellant's contention that the findings of fact are not supported by the evidence, this point has been answered by what has been said heretofore concerning the sufficiency of the evidence to sustain the findings and decision of the trial court.

Appellant challenges the finding "that defendant paid plaintiff on account of said purchase the sum of $100 on the second day of October, 1923, and the further sum of $100 on the third day of October, 1923, and that she made further payments or tender of payment to the plaintiff in full of the purchase or offered price." This finding is amply sufficient and cannot be construed to mean that such payment was made after the filing of the action. The evidence is clear that the payments were made prior to the filing of the action. It is well settled that any uncertainties in the findings are to receive such construction as will uphold rather than defeat the judgment—as will give them effect rather than destroy them. (2 Cal. Jur. 871, 872.)

Appellant claims that the trial court erred when it refused the plaintiff corporation the right to cross-examine the respondent. The questions asked were irrelevant and immaterial. The purpose thereof was to elicit from the witness certain matters that appeared in the contract, which contract was executed by the parties. The court properly sustained objections to these questions. It is well settled that where the terms of the contract are clear and free from ambiguity or uncertainty oral evidence relating thereto will be incompetent. (6 Cal. Jur. 249, 250, 251; *Peterson* v. *Chaix*, 5 Cal. App. 525 [90 Pac. 948].)

Complaint is made that the trial court erred in not permitting appellant's counsel to examine the witness Hollister, who testified for appellant. The questions propounded

to Mr. Hollister were wholly immaterial and if answered would not have proved or disproved or tended to prove or disprove any issue in the case. Furthermore, they related to the contents of the contract. An inspection of the contract would have sufficed. Also, the question sought to elicit from the witness Hollister what the preliminary negotiations of the parties were. This line of questioning was improper, as a written contract which was clear and free from uncertainties and ambiguities had been entered into by the parties. (6 Cal. Jur. 261, 262; Civ. Code, secs. 1697, 1698; Code Civ. Proc., sec. 1856.)

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.