[Crim. No. 2202.   Second Appellate District, Division One.—July 11, 1932.]

THE PEOPLE, Respondent, v. AL. S. KELLER, Appellant.

674

Lester E. Hardy for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant, together with Fred L. De-Liden and Robert Kalter, was charged by information in four counts, with crimes separately stated in the several counts. As appellant was acquitted on counts III and IV, they require no consideration here. Count I charged conspiracy to commit forgery in that the several defendants conspired together to commit the crime of forgery, and that pursuant thereto defendant DeLiden did make, forge and counterfeit a certain check and order in writing for the payment of money, and did then and there utter, publish and pass the same, etc. Count II directly charged the defendants with the crime of forgery of the same check described in count I. The defendant DeLiden pleaded guilty under count I, and the other counts were dismissed as to him. Both Keller and Kalter were convicted on counts I and II. Keller alone appeals from the judgments pronounced against him, as well as from the order denying his motion for new trial. The further proceedings against Kalter, whatever they may have been, are not shown in the record here.

It is contended (brief, p. 183), that the court erred to the prejudice of appellant in overruling his objections and admitting in evidence "the uncorroborated testimony of Fred L. DeLiden to the fact that appellant cooperated with him in the commission of forgeries of other checks in

February and March, 1931''. The transaction covered by counts I and II, as shown by the date of the check, was August 18, 1931. The fact of corroboration, or lack thereof, has no connection with the question of admissibility of the testimony of the accomplice. One O'Dea testified concerning transactions and conversations with Keller in June, July and August, 1931, but not concerning the checks of February and March, 1931. It is argued in behalf of appellant (brief, p. 185), that ''since the testimony of DeLiden to Keller's connection with the latter crimes could not be strengthened by his own testimony to Keller's connection with the former crimes, and since O'Dea's testimony to Keller's connection with the latter crimes could not tend to connect Keller with the former crimes in order that his connection with the former crimes might tend to connect Keller with the latter crimes'', there can be no foundation for permitting DeLiden to testify to any connection of Keller with the former crimes. This argument clouds the issue by introducing a reference to the testimony of O'Dea, which is unrelated to the simple question of *admissibility* of evidence of earlier transactions tending to establish the existence of a plan, design or system pursuant to which the crimes charged in this case were committed. That such evidence may be received, even though it also tends to prove the commission by defendant of some other crime, there is no doubt. It has been said that in cases of this kind the evidence of such other offenses ''must be closely related both as to time and character''. (*People* v. *Morani,* 196 Cal. 154, 159 [236 Pac. 135, 137].) Here the character of the earlier offenses is identical with those of the case at bar. The time is sufficiently near to overcome the objection of remoteness. The court did not err in admitting the evidence.

It is further contended by appellant (brief, p. 121), that the court erred in failing to instruct the jury that the witnesses O'Dea and Christiansen were accomplices,—although there was no request for such instruction; and that, at all events, the court should have submitted to the jury for its determination, the question as to whether or not these witnesses were accomplices. According to the testimony of these witnesses, it appears that the plan for perpetration of the forgery described in the information, and other forgeries, was first proposed by Keller to O'Dea. The

plan proposed was, that O'Dea should procure the co-operation of a bank employee, to temporarily abstract from the bank files genuine checks, in order that the handwriting thereof should be examined and imitated by DeLiden. O'Dea in seeming compliance with this proposal, secured the desired checks from Christiansen, an employee of the Bank of America. The testimony of the witnesses O'Dea and Christiansen indicates that they were only feigned accomplices. Particularly it is worthy of note that promptly after the plan was proposed by Keller, O'Dea had an interview with a vice-president of the bank, and that a number of O'Dea's telephone conversations with Keller were held (on O'Dea's end thereof), in an office of the Burns Detective Agency, a representative of that agency being present. It cannot rightly be said, that as a matter of law the said witnesses were accomplices. The court instructed the jury on the law concerning feigned accomplices. If appellant desired any further instruction on the subject, he should have asked for it. Having failed to make any such request, he should not be given any advantage now by reason of the fact that the court did not give such additional instruction. (*People* v. *Matthew*, 68 Cal. App. 95, 107 [228 Pac. 417].)

We find no merit in the claims of appellant concerning other instructions under the heading "further errors in the instructions". (Appellant's brief, p. 206 et seq.)

■ The verdict was not contrary to the evidence. In relation to this point appellant contends (brief, p. 193), that the evidence is insufficient to connect appellant with any act committed in furtherance of the common design, if any. This point seems to be fairly met and answered by the fact that there was evidence sufficient to prove the existence of the conspiracy to commit forgeries and to prove that appellant was a party to the conspiracy. In this condition of the case it was not necessary to produce evidence connecting appellant directly with the actual forgery of the check. Where the evidence produced at the trial reasonably tends to prove the existence of such conspiracy and the connection of appellant therewith, the acts of any one of the conspirators may properly be admitted as evidence against each member of the confederacy. (*People* v. *Eiseman*, 78 Cal. App. 223, 224 [248 Pac. 716].)

The judgments are affirmed. The order denying motion for new trial is affirmed.

Houser, J., and Tappaan, J., *pro tem.,* concurred.