[S. F. No. 14319. In Bank.—February 21, 1933.]

AARON LEWIS, Appellant, v. WILLIAM J. QUINN, Chief of Police, etc., Respondent.

Herbert Choynski and Sidney Rhein for Appellant.

John J. O'Toole, City Attorney, Walter A. Dold, Chief Deputy City Attorney, Edmond P. Bergerot, Assistant City Attorney, and John R. Golden for Respondent.

THOMPSON, J.—The plaintiff brought this action to restrain the police from making arrests of any of the members of the "San Francisco Furniture Dealers' Association", for claimed violations of an ordinance requiring "every person, firm or corporation engaged in the business of buying, selling or exchanging second-hand furniture and household goods, either exclusively or in conjunction with some other business", to secure a permit therefor and pay a license fee of $10 per quarter year. Judgment went against him in the lower court and he prosecutes this appeal therefrom.

The trial court found that plaintiff and the members of the association were "individually engaged in business as retail dealers in new and second-hand furniture and household goods at fixed places of business", in San Francisco, but concluded contrary to appellant's contentions, which are here reasserted, that the ordinance was within the bounds of the legislative authority of the city and county, and, further, that it applies to the appellant and his associates.

412

While the appellant has stated thirteen different questions which he contends are involved on this appeal, they but serve to emphasize the two main contentions. For this reason we first turn to the problem of whether the ordinance is a proper, constitutional exercise of legislative authority. At the time the action was instituted subdivision 9 of section 1, chapter III, article VIII, of the charter of the city and county of San Francisco empowered the board of police commissioners "To grant or refuse to grant permits to any person engaged or desiring to engage in busi-' ness as a pawnbroker, peddler, junkshop keeper, *dealer in second-hand merchandise,* auctioneer and intelligence office keeper, and such other characters of business or callings as may hereafter be required by ordinance enacted by the Board of Supervisors to obtain permits from this board. . . . " In section 7, chapter IV, of the same article it is provided that the Chief of Police shall have the right to inspect the businesses enumerated in the quoted section including "dealers in second-hand merchandise", which shall include the right to examine the books and premises when in search of property feloniously obtained, or in search of suspected offenders, or evidence to convict any person charged with crime. It is also provided that all persons engaged in the designated callings must procure permits from the board of police commissioners. Also, the board of supervisors is empowered by the charter (art. II, chap. II, sec. 1, subd. 15) as follows: "To impose license taxes and to provide for the collection thereof; but no license taxes shall be imposed upon any person who, at any fixed place of business in the City and County, sells or manufactures goods or merchandise, except such as require permits from the Board of Police Commissioners as provided in this Charter." It is apparent from these charter provisions that the board of supervisors possessed the power to impose a license fee upon "dealers in second-hand merchandise". Indeed, it is obvious that without action on the part of the board of supervisors, such dealers were required by the fundamental law of the city and county to procure a license before engaging in such business. Unless the ordinance and the charter provisions contravene some constitutional provision it is manifest that appellant, assuming, as we are at this juncture of the case, that he was a "dealer in second-

hand merchandise", cannot complain. In several different ways, however, he asserts that he cannot be deprived of the right to engage in the business, which is lawful and which has no relation whatever to the "peace, good order, health, morality or security of the people". ▮ It is firmly established in our law that certain businesses may be lawful and yet be of such character as to be subject to restrictions and regulations necessary to protect and safeguard society. (*Brecheen* v. *Riley*, 187 Cal. 121 [200 Pac. 1042].) Very apt language from *Merrick* v. *N. W. Halsey & Co.*, 242 U. S. 568 [37 Sup. Ct. Rep. 227, 61 L. Ed. 498], is quoted in the case of *In re West*, 75 Cal. App. 591, 600 [243 Pac. 55], as follows: "We think the statute under review is within the power of the state. It burdens honest business, it is true, but burdens it only that under its forms dishonest business may not be done. This manifestly cannot be accomplished by mere declaration; there may be conditions imposed and prohibitions made for their performance. Expense may thereby be caused and inconvenience, but to arrest the power of the state by such causes would make it impotent to discharge its function. It costs something to be governed." It is very clearly indicated by the charter provisions that the reason underlying the requirement that the enumerated businesses shall procure a license is to assist the police in preventing crime and apprehending those who have feloniously obtained and disposed of personal property. It is a matter of common knowledge that honest second-hand shops are imposed upon by these enemies of society who unlawfully appropriate the property of others, and it is fair to assume that without police inspection and supervision establishments would spring up, allied with those who seek to dispose of their ill-gotten wares, for the purpose of conducting "fences" therefor. It is urged, however, that the necessity which exists with respect to jewelry and merchandise of like character does not exist as to furniture. It must be conceded that there is some room for the argument advanced by appellant—and yet we do know that thievery of rugs and furniture does go on, and sufficiently so, at least, to invest the legislative authority with power to adopt reasonable regulations to prevent, so far as possible, its recurrence. Viewed in the light of that which prompted the enactment of these ordinances, it seems fair to assume that

sincere establishments might welcome the co-operation of the law enforcement agencies even though at some expense and inconvenience to themselves. Thus is the present case distinguished from those cited by appellant, where the business was not only lawful, but regulation and supervision thereof was not in the interests of the public welfare. The provisions involved in the case at bar are supported by reasoning analogous to that employed in *In re West, supra,* where an ordinance regulating the sale of jewelry at public auction was upheld.

The question remains whether the finding of the court is sufficient to bring appellant within the classification required to obtain permits. Specifically it reads, "and are individually engaged in business as retail dealers in new and second-hand furniture and household goods at fixed places of business" in the city and county of San Francisco. For the purpose of pointing out just how inclusive the finding is it may be well to ask the question: Is it possible to tell from the language of the finding whether the members of the association conduct the business of dealing in new and second-hand furniture under one roof and at one establishment, or whether some of them conduct two stores, one a second-hand store and the other for new business? From the discussion to this point it is apparent that if they conducted an establishment for the sale of second-hand goods exclusively it would be necessary for them to secure a permit. Can it be said that because two businesses are conducted under the same roof that the one which would ordinarily be subjected to regulation is by that means exempted therefrom, especially where the ordinance, in effect, says it is immaterial that the business is "in conjunction with some other business"? Or, to put it another way, suppose the words "in new and" were stricken from the finding, could it be said that appellant and those associated with him were not subject to the charter provisions and the ordinance? It seems plain that we are not here dealing with an incident to the business but with the business itself.

Judgment affirmed.

Seawell, J., Shenk, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.