[Cr. A. No. 1172. Appellate Department, Superior Court, County of Los Angeles.—May 28, 1935.]

THE PEOPLE, Respondent, v. JOSEPH LEVY et al., Appellants.

[2 Cal. Supp. 153.]

Frank G. Tyrrell, Harry C. Cogen, Oscar Richard Cummins and Max L. Raskoff for Appellants.

Ray L. Chesebro, City Attorney, Newton J. Kendall, Assistant City Attorney and Bourke Jones, Deputy City Attorney, for Respondent.

SCHAUER, J., *pro tem.*—Defendant Joseph Levy appeals from judgments of conviction pronounced after verdicts were returned finding him guilty on two counts of violation of section 2, Ordinance No. 73706 of the city of Los Angeles, and defendant A. Gottlieb appeals from judgments rendered upon verdicts of guilty on two counts of violation of section 3, chapter 1043, Statutes of 1931. These defendants, with a codefendant, were originally charged jointly with conspiracy

to violate the ordinance and statute above mentioned and with various alleged specific violations of each. ■ The count pleading conspiracy was properly dismissed as beyond the jurisdiction of the municipal court and all the other counts have been disposed of favorably to all the defendants, except counts V and IX as to defendant Levy, and counts II and VIII as to defendant Gottlieb, which resulted in the convictions and sentences above mentioned.

Both appealing defendants assert that the court erred and abused its discretion to their prejudice in denying a continuance under the circumstances shown; the defendant Levy assails the ordinance, for violation of which he was convicted, upon constitutional grounds, and both defendants assert that the evidence was insufficient to support the several verdicts of guilty.

■ On November 28, 1934, trial being then calendared for December 3, 1934, defendant Gottlieb's counsel was informed by the chief trial deputy city attorney that to correct a typographical error in the complaint on file, an amended complaint would be filed when the case was called for trial on December 3 ''and that affiant would receive a continuance as a matter of course in which to plead and for a trial setting''. Some time thereafter, but prior to December 3d, the substance of the foregoing statement was communicated to counsel for defendant Levy. When the cause was called for trial at 9:30 A. M. on December 3d it was discovered that the ''typographical error'' had already been corrected in the original complaint and existed ''only in the copy of the City Attorney's office''. Appellants then secured a continuance until 2 P. M. of that day, at which time they presented affidavits reciting the above narrated facts, asserting reliance thereon, lack of preparation for trial and a belief that the defendants' rights would ''be prejudiced if not sacrificed'' by proceeding to trial at that time. The court denied further continuance.

No showing was made of any authority in the office of the city attorney to justify the statement by a deputy or reliance thereon by counsel, ''that affiant would receive a continuance as a matter of course in which to plead and for a trial setting''. The record fails to show that the ''typographical error'' which existed ''only in the copy of the City Attorney's office'' was of such a substantial character that amendment

thereof, even if it had existed in the original complaint, would have required a continuance; the granting or refusing of a continuance is a judicial act and cannot be controlled by counsel even by stipulation. (*Lorraine* v. *McComb,* 220 Cal. 753 [32 Pac. (2d) 960].) Even if there were error or an abuse of discretion (neither of which appears) in the ruling complained of, the record does not show that either appellant was thereby deprived of any evidence that he could have produced at a later date, or that he was otherwise prejudiced.

Appellant Levy in his attack on the constitutionality of Ordinance No. 73706 contends that it is an invasion of the legislative prerogative of the state, rather than a municipal regulation, that it is an unlawful prohibition of a lawful business, that it is not uniform in operation, impairs the freedom of contract and conflicts with the state law licensing the business of private detectives and investigators.

Section 2 of said Ordinance No. 73706 reads as follows: "It shall be unlawful for any person to solicit employment for himself or for any other person, either directly or through some other person acting on his behalf to prosecute, collect, settle, compromise or to negotiate for the settlement, compromise or collection of any tort claim, on behalf of any tort claimant, in which he himself has no pecuniary interest arising from such tort."

The mere fact that the business of adjusting and settling tort claims affects the public welfare generally throughout the state does not mean that the police power to regulate such business, and particularly to *prohibit the solicitation thereof within a given municipality,* must be exercised exclusively by the state legislature. On the contrary, subject only to the control of general laws, and the ordinance under consideration is obnoxious to none that has been called to our attention, the entire police power of the state may be exercised by the city council of Los Angeles within the limits of its jurisdiction. (*In re Maas,* 219 Cal. 422, 424, 425 [27 Pac. (2d) 373].) A statute similar in effect in the state where it is law, to the effect in the city of Los Angeles of the ordinance here involved, has been upheld, the court pointing out that *prohibition of solicitation* of tort claims for settlement is but a *regulatory* measure affecting the business of *adjusting and settling* such claims and does not prohibit the business of collecting claims or making unsolicited contracts

with injured persons. (*Kelley* v. *Boyne,* 239 Mich. 204 [214 N. W. 316, 53 A. L. R. 273].) The constitutionality of this statute was again upheld in *Hightower* v. *Detroit Edison Co.,* 262 Mich. 1 [247 N. W. 97, 86 A. L. R. 509]. Such laws are not violative of the United States Constitution. (*Mc-Closky* v. *Tobin,* 252 U. S. 107 [40 Sup. Ct. 306, 64 L. Ed. 481].) ▮ A business may be inherently lawful and still subject to police regulation. (*Lewis* v. *Quinn,* 217 Cal. 410, 413 [19 Pac. (2d) 236].) The fact that operation of the ordinance is confined to solicitors of tort claims and that there may be other businesses in which similar regulation might conduce to the public welfare does not render the instant ordinance invalid. (*In re West,* 75 Cal. App. 591, 596–598 [243 Pac. 55].) It is uniform and general in its application to all persons engaging in the business of collecting; adjusting or otherwise handling tort claims. No one may solicit such claims in the city of Los Angeles, not even licensed private detectives or investigators, and the ordinance does not conflict with general state laws because such licensed investigators, in equality with everyone else, must refrain from the forbidden acts. They are not in anywise by such ordinance restrained from investigating tort cases in which they may be employed but the proper scope of authorization under their license does not include the solicitation of employment "to prosecute, collect, settle, compromise or to negotiate for the settlement, compromise or collection of any tort claim". We are of the opinion that Ordinance No. 73706, under the present status of our general laws, is a proper and valid exercise of police power by the municipality.

▮ As to defendant Levy the evidence is ample to support the jury's verdicts on both counts V and IX, being sufficient to show that he solicited employment, not merely to investigate, but to "handle" the case and "get a good sum for damages" (Count V, Rep. Tr., p. 91, ll. 14–20) and "to take care of the case . . . and get me some money out of it". (Count IX, Rep. Tr., p. 124, ll. 25–27.) The recitals in the written agreements did no more than create a conflict in evidence and were not binding upon the state. (*People* v. *Harris,* 128 Cal. App. 44, 49 [16 Pac. (2d) 688].)

▮ The defendant Gottlieb, convicted as charged in counts II and VIII of violation of section 3, chapter 1043, Statutes of 1931, contends that the evidence is not in either

case sufficient to show any violation of the statute which declares it unlawful "to act as a runner or capper or to solicit any business for attorneys". The evidence in support of neither of the counts mentioned is sufficient to show that the defendant acted as a "runner or capper" as those terms are defined in section 5 of the act. As to count II, excluding from consideration the testimony relating to the conversation between the witness Evans and the defendant Levy, as we must do under the ruling of the trial court relative thereto, we think the conviction cannot be sustained upon any theory.

Upon a new trial, if one is had, the court with appropriate instructions may submit to the jury the question as to whether or not a conspiracy to commit the unlawful acts did in fact exist, and if it is found that such conspiracy did exist then the acts and declarations of each of the coconspirators, done and made in furtherance of the illegal project, prior to the accomplishment of its object, may be considered as evidence against all of the parties to the nefarious compact. (*People* v. *Keller*, 124 Cal. App. 673, 676 [12 Pac. (2d) 1066].)

As heretofore mentioned, the statute not alone prohibits acting as a "runner or capper", as those terms are defined therein, but it also declares it to be unlawful "to solicit any business for attorneys". The evidence in support of the allegations of count II, upon the present state of the record, merely shows a *recommendation,* or willingness to recommend an attorney, upon inquiry by a third party. This falls short of the solicitation denounced by the statute, the idea for which, as between defendant and the person solicited, must have its origin in the mind of the defendant, who must also perform some overt act calculated to bring about the employment so solicited. The evidence of the transaction forming the *res gestae* of count VIII is somewhat conflicting but legally is sufficient (Rep. Tr., p. 151, ll. 8 to 16) to support the implied finding of the jury and this court cannot substitute itself for and usurp the function of the jury on the ultimate question of fact. (*Southern California Music Co.* v. *Labes,* 106 Cal. App. 255 [288 Pac. 1096].)

In the appeal of the defendant Joseph Levy the judgments upon both counts are affirmed; in the appeal of the defendant A. Gottlieb the judgment upon count VIII is affirmed,

while that upon count II is reversed and the cause as to said count II is remanded to the municipal court of the city of Los Angeles for a new trial.

Shaw, P. J., and Fox, J., concurred.

## ON PETITION FOR REHEARING.

THE COURT.—Complaint is made in the petition for rehearing on behalf of defendant Gottlieb that this court did not in its opinion "distinguish running and capping from mere solicitation". ■■■ The court did enumerate the essential elements of "solicitation", which term is not defined in the statute, and did not assume to define the words "running" and "capping" for the reason that the precise significance attaching to their use in such statute is declared in section 5 thereof. A reading of that section discloses that the element of agency (and the word "agent" is defined therein) is necessary to constitute "running" or "capping" but is not essential to establish the alternative violation of section 3 by solicitation.