261 P.2d 359]

Appellate Department, Superior Court, San Diego

[Crim. A. No. 181160.   Sept. 3, 1953.]

THE PEOPLE, Appellant, v. HARRY SEVEL, Respondent.

James Don Keller, District Attorney, and Robert G. Berrey, Deputy District Attorney, for Appellant.

Stickney & Stickney, Edward Strop and Ben W. Hamrick for Respondent.

BURCH, J.—An amended complaint, criminal, was filed in the Municipal Court, South Bay Judicial District, against the defendant, Harry Sevel. Therein, the defendant was charged that ". . . on or about the 14th day of August, 1952, in South Bay Judicial District, in the said County of San Diego, State of California, and before the making or filing of this Complaint, did then and there wilfully and unlawfully within the unincorporated territory of the County of San Diego carry on, maintain, and conduct a yard for the storage of nonoperating motor vehicles without carrying on, maintaining or conducting such yard for the storage of nonoperating motor vehicles entirely inside an enclosed building or buildings, or on premises entirely enclosed by a solid fence or wall at least six (6) feet in height as provided in said Ordinance No. 953 (New Series), as amended by County of San Diego Ordinances Nos. 1044 (New Series) and 1108 (New Series)."

The defendant noticed a motion for an order dismissing the complaint. It was stipulated that the court could take judicial notice of the ordinance as amended which regulated junk yards and auto wrecking establishments, and exhibits thereof were attached to the stipulation. The motion was

submitted upon briefs and the court ordered that the complaint be dismissed. The defendant has filed no brief on appeal.

There is before us no statement of the reason for the dismissal. On dismissing the complaint, the trial court ordered that the above entitled case be transferred to this court on appeal. The motion to dismiss was based upon the contention of the defendant that the ordinance was in derogation of his rights under the due process clause of the Fourteenth Amendment of the Constitution of the United States. In defense of the propriety of the ordinance, the People argue here for its validity as a law.

Ordinance No. 953 as amended was adopted by the Board of Supervisors on March 20, 1950. It is entitled, "AN ORDI-NANCE REGULATING JUNK YARDS AND AUTO WRECKING ESTAB-LISHMENTS." Section 1 provides:

"It shall be unlawful for any person, . . . to carry on, maintain or conduct a junk yard, motor vehicle wrecking yard or yard for the storage of nonoperating motor vehicles in the unincorporated territory of the County of San Diego, unless such establishment is carried on, maintained or conducted in compliance with the following regulations: . . .

"(a) Such establishment shall be carried on, maintained or conducted entirely inside an enclosed building or buildings, or on premises entirely enclosed by a solid fence or wall at least six (6) feet in height and constructed according to the requirements of the Building Code of said County, and other applicable ordinances.

"(b) Such fence or wall shall be maintained in a neat, substantial, safe condition and shall be painted, unless of masonry or rust proof metals."

Subsection (e) provides: "No junk or second-hand article shall be piled, or permitted to be piled, in excess of the height of the enclosing fence or wall or nearer than two (2) feet thereto."

Subsection (f) provides: "All gasoline, oil or other inflammable liquid and all gas shall be drained and removed from any unregistered motor vehicle or other junk or second-hand article located in said building, buildings or premises."

Subsection (g) provides: "The material located in or on the premises shall be so arranged that reasonable inspection or access to all parts of the premises can be had at any time by the proper fire, health, police and building authorities."

Section 2 provides: "Every person, . . . licensed hereunder shall keep a record in written English of each purchase made by the licensee where the purchase is initiated and completed and delivery is made by the vendor or his agent within the County of San Diego. This record shall be made on forms furnished by the Sheriff of San Diego County and shall show the following:

"(a) The name of the person from whom the goods were purchased, together with the address, and description of the person from whom such goods were purchased, and the license number and description of the vehicle in which the goods are delivered to the purchaser."

Subsection (b) further requires that the goods purchased shall be described by the name of the article, name of the manufacturer, if known, and serial number or numbers if the article is one which is identified by such numbers.

It is further required by subsection (c) that these records be made available for inspection by the sheriff, or any public officer of the State, at all reasonable times for a period of two years.

Subsection (d) requires that the licensee shall forward on the first day of each week copies of such lists of property purchased to the office of the sheriff.

Section 3 makes the ordinance applicable to existing establishments and provides a period of time for compliance.

Section 6 makes any violation of the ordinance a misdemeanor punishable as such, and section 7 provides for severability of provisions, to wit:

"If any section, subsection, sentence, clause or phrase of this ordinance is for any reason held to be unconstitutional, the Board of Supervisors hereby declares that it would have passed this ordinance irrespective of the fact that any one or more sections, subsections, sentences, clauses or phrases thereof be declared unconstitutional."

The Board of Supervisors have clearly evidenced their purpose to make severable the respective regulations, and have effectively achieved that purpose in section 7 (quoted above). Moreover, the defendant has no grievance beyond what is charged against him in the complaint. (*People* v. *Perry*, 212 Cal. 186, 193 [298 P. 19, 76 A.L.R. 1331]; *People* v. *Steelik*, 187 Cal. 361, 365 [203 P. 78]; *In re West*, 75 Cal. App. 591, 605 [243 P. 55]; *People* v. *Naumcheff*, 114 Cal.App. 2d 278, 280 [250 P.2d 8].)

We, therefore, direct our attention to the constitutionality of section 1 (a) which relates to the requirement that the business premises be enclosed by building, fence or wall.

The courts have said that this type of business is subject to police regulation to prevent unscrupulous persons from disposing of stolen property through such medium. (*Gospel Army* v. *City of Los Angeles*, 27 Cal.2d 232, 256 [163 P.2d 704]; *Lewis* v. *Quinn*, 217 Cal. 410, 413 [19 P.2d 236]; *In re Holmes*, 187 Cal. 640, 645, 646 [203 P. 398]; *Co-operative Junk Co.* v. *Board of Police Comrs.*, 38 Cal.App. 676, 679 [177 P. 308]; *Zemansky* v. *Board of Police Comrs.*, 61 Cal.App.2d 450, 453 [143 P.2d 361].)

From the face of other portions of the ordinance noted above, it is also at once apparent that fire risks are involved from gaseous fumes of unused gasoline in tanks and greasy upholstery of secondhand automobiles which reasonably suggest police regulation by adequate housing or fence or wall enclosure. Refined arguments of whether one or another type of fence would best accomplish the public safety in this regard involve fact questions for legislative, rather than judicial, determination.

The police power, generally, has been referred to as ". . . one of the most essential powers of government, one that is the least limitable." (*Hadacheck* v. *Sebastian*, 239 U.S. 394, 410 [36 S.Ct. 143, 60 L.Ed. 348].)

Chief Justice Stone stated the principle: "When the action of a legislature is within the scope of its power, fairly debatable questions as to its reasonableness, wisdom and propriety are not for the determination of courts, but for the legislative body, on which rests the duty and responsibility of decision." (*South Carolina State Highway Dept.* v. *Barnwell Bros., Inc.*, 303 U.S. 177, 190, 191 [58 S.Ct. 510, 82 L.Ed. 734].)

Chief Justice Hughes' expression of the rule in *Borden's Farm Products Co., Inc.* v. *Baldwin*, 293 U.S. 194 [55 S.Ct. 187, 79 L.Ed. 281], was quoted with approval by Justice Brandeis in *Pacific States Box & Basket Co.* v. *White*, 296 U.S. 176, 185 [56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853], as follows:

"The order here in question deals with a subject clearly within the scope of the police power. . . . When such legislative action 'is called in question, if any state of facts reasonably can be conceived that would sustain it, there is a presumption of the existence of that state of facts, and one who assails

the classification must carry the burden of showing by a resort to common knowledge or other matters which may be judicially noticed, or to other legitimate proof, that the action is arbitrary.' *Borden's Farm Products Co.* v. *Baldwin*, 293 U. S. 194, 209 [55 S.Ct. 187, 79 L.Ed. 281].''

We find nothing in section 1 (a) which violates the defendant's constitutional right to conduct his lawful business. Such regulation as is imposed by the section is but a reasonable restraint in the interest of the public safety and general welfare.

The order dismissing the complaint is reversed.

Turrentine, P. J., and Glen, J., concurred.