[Civ. No. 32731. Second Dist., Div. Four. May 27, 1969.]

PARIS M. SAUNDERS, Plaintiff and Appellant, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

408

Burton Marks, Richard Kolostian and Arthur Lewis for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, John A. Daly, Assistant City Attorney, and Lowell M. Ramseyer, Deputy City Attorney, for Defendants and Respondents.

KINGSLEY, J.—Petitioner appeals from a judgment

denying petitioner's petition for a peremptory writ of mandamus.

On November 1, 1966, petitioner applied under section 103.201 of the Los Angeles Municipal Code, for renewal of his license to operate an automobile repair business. Petitioner was notified that the board of police commissioners intended to deny petitioner's application for renewal because of his criminal record. A hearing was held, evidence was submitted, and the hearing officer recommended that petitioner's application for renewal of a permit for an automobile repair shop should be denied. The hearing examiner found that petitioner was not a fit and proper person to be trusted with the privilege and permission to operate a repair shop in that:

"1. Applicant has been convicted of Conspiracy, Bookmaking and Interference with Telephone Lines.

"2. Applicant's record of arrests and conviction (1961, 1966) constitutes proof of bad moral character and lack of integrity.

"3. Applicant did violate the trust shown him by the Board at two previous hearings (May 2, 1962 and April 30, 1964) when permission to operate an auto repair shop was granted.

"4. Applicant offered no conclusive evidence at current hearing that might have indicated a moral reformation."

On June 21, 1967, the Board of Police Commissioners of the City of Los Angeles read and considered the hearing examiner's report and all the evidence submitted by both sides and, after hearing oral presentations, adopted the findings of the hearing examiner and denied the application for renewal. The board based its denials on the adverse findings submitted by the hearing examiner, finding that the applicant is not a fit and proper person to be trusted with an automobile repair police permit, and on the further grounds that issuance of the permit would not "comport with the peace, health, safety, convenience, good morals and general welfare of the public."

Petitioner filed a petition for a writ of mandamus, and a judgment denying the peremptory writ was filed. Petitioner appeals.

I

Defendant asserts that the procedure used by the board of police commissioners was improper and in excess of the board's authority. Petitioner argues that, although the board in the instant case appeared to act by way of a procedure which it called "denial of renewal," the board in fact

acted by way of a procedure for the denial of an application for a *new* license. Petitioner argues that the case at bench is not properly one involving the denial of an application for a new license, but one involving the revocation of an existing license; that there is a clear distinction between proceedings involving the revocation of an existing license and proceedings involving denial of a new license, and that the board therefore acted in excess of its authority by proceeding under the wrong code section.

We need not here discuss the asserted difference between the constitutional rights of a person applying in the first instance for a license to start the operation of a business and the rights of a person who, already established in a regulated business, faces a denial of his right to continue in that operation. The Los Angeles Municipal Code contains two groups of sections dealing with the denial or suspension of permits to operate regulated businesses. Section 103.31(c), 1 L.A.M.C. and section 103.31(c), 3 L.A.M.C. deal with "Denial of Permit," while section 103.34, 1 L.A.M.C. and section 103.35, 3 L.A.M.C. deal with "Suspension or Revocation of Permits." The board purported to act under the 103.31 group. In this we think they were correct. We construe that group of sections as intended to set up the procedure and grounds for denying an original permit and for denying a renewal of a permit, whereas we construe the 103.34-103.35 group as intended to cover the suspension or revocation of a permit, previously issued and in force, prior to its normal expiration.

But, even if we are wrong in that construction, petitioner has suffered no prejudice, since the grounds for adverse action are the same under either group of sections.

Section 103.31(c), 1 L.A.M.C. reads: "[The board may deny a permit if] the applicant is unfit to be trusted with the privileges granted by such permit, or has a bad moral character, intemperate habits or a bad reputation for truth, honesty, or integrity."

Section 103.31(c), 3 L.A.M.C. reads: "[The board may deny a permit if] the applicant, his agent or employee, or any person connected or associated with the applicant, as partner, director, officer, stockholder, associate, or manager has committed or aided or abetted in the commission of any act or act of omission which, if committed by a permittee, would be a ground for disciplinary action."

The language in sections 103.34 and 103.35 is almost identical.

Section 103.34 reads as follows: "SUSPENSION OR REVOCATION OF PERMITS:

"The Board may, upon its own motion or upon the verified complaint in writing of any person, investigate the actions of any permittee and may temporarily suspend for a period not exceeding one year or revoke the permit of any permittee who commits any one or more of the acts or omissions constituting grounds for disciplinary action under this Article. The procedure on suspension or revocation shall comply with the provisions of Article 2, Chapter 10."

And section 103.35 reads, in part, as follows: "DISCIPLINARY ACTION—GROUNDS:

" . . . . . . . . . . .

"(c) Been convicted of a felony or any crime involving theft, embezzlement or moral turpitude; or

" . . . . . . . . . . .

"(e) A bad moral character, intemperate habits or a bad reputation for truth, honesty or integrity; or

" . . . . . . . . . . .

"(k) Demonstrated that he is unfit to be trusted with the privileges granted by such permit."

It follows that, whichever section or sections the board invoked, the standards were the same and the same result would follow.

## II

■ As his second ground of attack on the judgment below, petitioner asserts that the standards provided by the ordinance for the refusal to renew an existing permit are so indefinite and vague as to vest the board with uncontrolled discretion. Petitioner relies heavily on the case of *Burton* v. *Municipal Court* (1968) 68 Cal.2d 684 [68 Cal.Rptr. 721, 441 P.2d 281]. In *Burton* the ordinance allowed the board to deny a permit to show motion pictures if it found that the operation will not comport " 'with peace, health, safety, convenience, good morals, and general welfare of the public,' " or if the applicant is " 'unfit to be trusted with the privileges granted by such permit, or has a bad moral character, intemperate habits or a bad reputation for truth, honesty, or integrity.' " The ordinance was held unconstitutional as overly broad and *fraught with the hazard that rights of free speech would be denied*. The holding in *Burton* is limited to situations involving the First Amendment,[1] and does not apply in

---

[1] "The crucial factor here is our zealous solicitude for rights falling within the protection of the First Amendment." (*Burton* v. *Municipal Court, supra* (1968) 68 Cal.2d 684, 690-691.)

the case before us in which the right to free speech is not involved.

The controlling authority in a case such as the one at bench is *Daniel* v. *Board of Police Comrs.* (1961) 190 Cal.App.2d 566, 573 [12 Cal.Rptr. 226]. In that case, it was asserted that certain ordinances, including one section involved herein (103.31(c) (1) of the L.A.M.C.) were vague, uncertain, and indefinite because words like "good morals," "general welfare," "unfit to be trusted," and "bad moral character," are without meaning. The court held that the sections were not unconstitutionally vague, nor was the board given arbitrary discretion because "sufficient rules to guide the board are included in the ordinance." *Daniel* is still the law of this state in cases not involving First Amendment rights.

### III

Petitioner asserts that there is no substantial evidence to support the board's order, in that the acts complained of (bookmaking) had no relation to petitioner's automobile repair business. There is nothing in the language of the ordinance that requires that there be a connection between the petitioner's business and his improper conduct. The case relied on by defendant (*Lundborg* v. *Director of Department of Professional etc. Standards* (1967) 257 Cal.App.2d 141 [64 Cal.Rptr. 650]), merely holds that, where a statute encompasses conduct outside the licensee's business, the hearing officer should carefully weigh all pertinent facts and circumstances. There is no showing in the instant case that the hearing officer gave less than full consideration to all the facts and circumstances, and the *Lundborg* case does not support petitioner.

### IV

Petitioner's final assertion is that the right to liberty and pursuit of happiness incorporates the right to conduct a lawful business without capricious and arbitrary restraints upon this right. The City of Los Angeles, in the exercise of its undoubted police powers, can determine that certain businesses require constant police supervision, and that licenses to conduct such businesses shall not be issued as a matter of course to every applicant. See *Cooperative Junk Co.* v. *Police Comrs.* (1918) 38 Cal.App. 676 [177 P. 308], (dealing with the junk business). "A legislative body, in the exercise of its police power, has . . . broad discretion to determine both what [the] public interests are and the measures necessary for the protection of such interests. . . . If reasonable

minds might differ as to the reasonableness of the regulation, the law must be upheld. [Citations.]'' (*Justesen's Food Stores* v. *City of Tulare* (1941) 43 Cal.App.2d 616, 621 [111 P.2d 424].) The ordinance herein involved deals with a business particularly open to fraudulent dealing. The ordinary car owner is at the mercy of the repair man both as to the extent of repairs needed and as to their cost. The city council and the board were legitimately concerned that licensees be men of probity. Neither the regulation nor its application to petitioner unduly interfere with petitioner's right to liberty or his pursuit of happiness; they are a legitimate exercise of the police power.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 23, 1969.