[Crim. No. 1098. Department One.—June 4, 1904.]

THE PEOPLE, Respondent, v. JOAQUIN ROMERO, Appellant.

CRIMINAL LAW—ASSAULT WITH A DEADLY WEAPON—REPELLING ASSAULT WITH FIST—INSTRUCTIONS.—Where the defendant was charged with an assault with a deadly weapon with intent to commit murder, an instruction that "one on whom another is making a mere assault with a fist, not with intent to kill or do great bodily harm, and who is not deceived as to its character, is not justified in taking life or in using a deadly weapon in self-defense," is proper where there is sufficient evidence on which to base it.

ID.—ABSTRACT INSTRUCTIONS.—While the court should not instruct the jury on mere abstract questions of law not applicable to the circumstances of the case on trial, such instructions will not warrant a reversal where it appears that no injury could have resulted to the defendant therefrom.

ID.—COMMENTS OF DISTRICT ATTORNEY—LEGITIMATE ARGUMENT.—The district attorney has the right in his argument to fully state his views as to what the evidence shows and as to the conclusions to be fairly drawn therefrom; and it is not misconduct for him to characterize the story as incredible that the prosecuting witness assaulted the defendant with a knife, and to tell how the affair happened, as justified by evidence in the case.

ID.—IMPROPER COMMENT OF EXCLUDED EVIDENCE—MOTIVE OF DEFENDANT —ERROR NOT PREJUDICIAL.—Where evidence was excluded on objection of the defendant, it was improper for the district attorney to comment on the motive of the defense in excluding it; but where the nature of the case was such that the comments could not have injuriously affected the defendant's cause, the error is not ground for reversal.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

W. P. Butcher, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was informed against for the crime of assault with intent to commit murder, and

was convicted of an assault with a deadly weapon. He appeals from the judgment pronounced upon said conviction and from an order denying his motion for a new trial.

1. The court instructed the jury that although the right to take life or use a deadly weapon in self-defense is unquestionable, "yet one on whom another is making a mere assault with the fist, not with intent to kill or do great bodily harm, and who is not deceived as to its character, is not justified in taking life or in using a deadly weapon in self-defense."

The court elsewhere fully instructed the jury as to what would constitute a killing or shooting in self-defense.

The only objection made by appellant to the instruction quoted above is, that there was no evidence upon which to base it, it being claimed that the evidence of the prosecution was to the effect that the shots were fired by defendant without previous assault of any kind upon the part of the prosecuting witness, and that the evidence of the defense was, that the shots were fired to repel an attack then being made by the prosecuting witness and his companion, the prosecuting witness being armed with a knife, and his companion with a club.

If it be conceded that this claim is well founded, we are unable to see how the instruction could have prejudiced the defendant's cause. While the court should not instruct the jury on mere abstract questions of law not applicable to the circumstances of the case on trial, such action on the part of the trial court will not warrant a reversal where it is apparent that no injury could have resulted to the defendant therefrom.

There was, however, evidence given by one of the witnesses for the prosecution tending to show that immediately before the firing of the shots the defendant, who had approached to within ten or fifteen feet of the prosecuting witness and his companion, was using profane language to the prosecuting witness, Ruiz, and that Ruiz, unarmed, advanced toward defendant, telling him to come on and he would "show him what the trouble was." This evidence, we think, afforded a sufficient basis for the instruction.

2. The district attorney in his closing argument characterized as incredible the story that Ruiz assaulted the defendant with a knife, and said as follows: "The fact of the business is that Joaquin Romero had become jealous and there was a

little feeling caused by the occurrence at the hall and these men met on the public road, and one word brought on another. Joaquin said this, and Delorez said that, and the thing continued until they got red hot, and Joaquin pulled out his revolver and fired at him. That is how that thing happened.'' This is assigned as misconduct on the part of the district attorney. This was legitimate argument, fully justified by the evidence in the case. Counsel has the right on the argument to fully state his views as to what the evidence shows, and as to the conclusions to be fairly drawn therefrom, and in what is quoted above the district attorney did no more than this.

3. Ruiz testified to the effect that during the night on which the shooting occurred he and defendant were at a dance, and that during the evening he asked a woman who was sitting beside the defendant to dance with him, whereupon defendant objected to her dancing with him, and told him that he was not going to dance with her. He further testified that the woman did not dance with him. It was while Ruiz was on his way home later in the night that the shooting took place.

This occurrence in the dance-hall was relied on somewhat by the prosecution as furnishing a motive for the subsequent quarrel and assault.

Upon cross-examination defendant was asked, ''Have you been married since the difficulty?'' The objection made by defendant's counsel to this question was sustained. In his argument to the jury, defendant's counsel said that no motive for the crime had been shown, that the affair in the dance-hall about the woman was trivial and of no importance. In replying to this, the district attorney said: ''Now, I say this little affair about the woman in the dance-hall is the only thing we have in the case that tends to show there was a feeling between these parties. We think it does show it, and we think the fact that the defense is so sensitive about it shows it. Else, why wasn't the defendant willing to testify that he had been married since? Why withhold such testimony if these things are not material?''

Defendant did not ask the trial court for any action relating to these remarks, but simply reserved his exception to the argument, and assigns the action of the district attorney as misconduct.

The court having sustained the objection to the proposed evidence, and the same having been thereby excluded, it was improper for the district attorney to comment upon the motive of the defense in excluding it, but the matter was certainly not of sufficient importance to warrant a reversal. The defendant's claim in regard to the alleged occurrence in the dance-hall, as shown by his testimony, was, that there was no such occurrence, that Ruiz did not ask the woman sitting beside the defendant to dance with him, and that he never spoke to Ruiz at the hall, and Ruiz did not speak to him.

The fact, if it be a fact, that the defendant subsequently married the woman could throw no light upon the issue thus made by the testimony of Ruiz and the defendant as to whether Ruiz had asked the woman to dance with him, or influence the jury in arriving at a conclusion thereon. It would show, at most, a feeling on the part of the defendant in regard to the woman that might have prompted him to object to her dancing with Ruiz if Ruiz had asked her to dance with him, and that might have caused him to resent any such invitation on the part of Ruiz. If the jury believed the testimony of Ruiz as to what took place at the hall, it must have been fully satisfied by such testimony of the existence of such feeling on the part of defendant; and if, on the other hand, they believed the statement of defendant, that Ruiz did not ask the woman to dance, the question as to the feelings of the defendant toward the woman was absolutely immaterial. In either event we cannot see how the remarks of the district attorney, so far as they may have been improper, could have injuriously affected the defendant's cause.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.