[Crim. No. 1810.   First Appellate District, Division Two.—September 20, 1934.]

THE   PEOPLE,   Respondent,   v.   WALTER   LAWYER, Appellant.

Booth B. Goodman for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was convicted on the charge of grand theft and he has appealed from the final judgment of conviction and the order denying his motion for a new trial.

Defendant was accused of stealing a cow belonging to one George McCoy, a farmer residing near Pittsburg in Contra Costa County. On January 23, 1934, Mr. McCoy had ten cows and four calves. On the morning of January 24th he found that one of his cows had disappeared. The missing cow was a large ''brockel face'' cow with a tear on her left ear. This cow had been raised by Mr. McCoy and was well known to the family and neighbors. Search of the ranch proved futile and an examination was made of the fences. The gate which was farthest from the farm house was found to have been closed in a manner different from the manner in which Mr. McCoy had ever closed it. Fresh tracks were found near the gate. Mr. McCoy and a neighbor traced the tracks of a small horse leading from said gate to the pasture and also traced the tracks of the same horse together with the tracks of a cow leading back from the pasture to said gate. From the gate these tracks led along a road to a point where automobile tracks were found. At this point there was a mark that looked as though some weight had been put upon a board. Here the tracks ended. On February 16th Mr. McCoy, accompanied by others, located the cow at appellant's place near Newark in Alameda County. They also found there a sorrel horse whose tracks corresponded to those found at Mr. McCoy's place. There were

certain peculiarities to these footprints which offered a means of identification. There was also found on appellant's place a Cadillac car with a stock trailer attached. This trailer was large enough to hold three small animals or two large ones and it could easily have carried a cow and a saddle horse. When the cow was returned to the McCoy ranch she immediately went to her calf which tried to suck her, but the cow was then dry. Numerous witnesses, including the members of the McCoy family and several others, identified the cow as the one belonging to Mr. McCoy. Upon the cow was found the brand ''WL'', which brand was not upon the cow prior to her disappearance. Several witnesses testified that this was a fresh brand. The defendant claimed the cow as his own, but gave conflicting statements regarding the manner in which he had acquired her. Upon the trial evidence was introduced by the defense for the purpose of showing that the cow belonged to defendant and also for the purpose of proving an alibi. The defendant did not take the stand. His alibi witnesses were his wife and sister-in-law, while others gave testimony tending to prove defendant's ownership.

The question of the sufficiency of the evidence to sustain the conviction is not raised upon this appeal. In fact, counsel for appellant concedes that the evidence for the prosecution was strong, but he claims that the evidence for appellant was likewise strong. It may also be stated that appellant does not attack the instructions or the rulings upon evidence. The sole ground urged for reversal is that of alleged misconduct upon the part of the district attorney in his closing argument to the jury. Twenty incidents of alleged misconduct are set forth in appellant's brief. It is found upon examination of the transcript, however, that as to fifteen of these incidents, appellant offered no objection in the trial court, made no assignment of error, and asked no admonition of the trial court to the jury. Practically all of the remarks referred to appear to fall within the legitimate bounds of argument to the jury, but in any event appellant has failed to show that an admonition to the jury would not have cured the possible effect of the alleged improper arguments. Under these circumstances and in the absence of objections or request for

an admonition in the trial court, appellant may not be heard to complain of such alleged misconduct for the first time upon appeal. (8 Cal. Jur. 508.)

The remaining incidents, involving remarks which were objected to in the trial court, obviously appear, with one possible exception, to disclose remarks made in response to statements made in the argument of appellant's counsel. The same may be said of certain of the remarks involved in the fifteen incidents referred to above. But appellant has failed to include in his transcript on appeal the argument of appellant's counsel as required by section 7 of Rule II of the Rules for the Supreme Court and District Courts of Appeal. That section provides: "Whenever such statements, opinions or arguments were made in response to any statement made by or on behalf of the defendant, such latter statement shall also be transcribed." In the absence of a compliance with the provisions of said rule, we cannot say that any of said remarks, as set forth in appellant's brief, constituted prejudicial misconduct. (*People* v. *James*, 133 Cal. App. 751 [24 Pac. (2d) 859]; *People* v. *Bragdon*, 103 Cal. App. 20 [283 Pac. 881].)

One remark of the district attorney to which an objection was made may not have been provoked by or have been made in response to any statement of appellant's counsel. The district attorney said: "What has he got any use for a saddle horse, when he hasn't got any cattle? He is dealing in the cattle business, it is true, but dealing in someone else's cattle. He is not dealing in any cattle belonging to Walter Lawyer." Counsel for appellant then said: "I assign those remarks as deliberate prejudicial misconduct. If he is talking about McCoy's cow, all right, but he is telling the jury something that is absolutely untrue." We find no misconduct in the foregoing remarks. There was ample evidence to show that appellant was guilty of the theft of Mr. McCoy's cow and that he had equipment at hand to facilitate such thefts. Under the circumstances revealed by the record herein, we believe that these remarks fell within the scope of legitimate argument to the jury. (8 Cal. Jur. 263.)

The judgment and order denying a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.