[Crim. No. 362.   Fourth Appellate District.—May 19, 1938.]

THE PEOPLE, Respondent, v. CHARLES S. SUMMAR, Appellant.

J. Leman Houseworth for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was convicted of violating the provisions of section 476a of the Penal Code by signing, uttering and delivering two no-fund checks, one for $200 and the other for $75. ▮ He has appealed from the judgment and from the order denying his motion for new trial. He has attempted to appeal from the verdicts and from an order denying his motion for arrest of judgment, neither of which are appealable. (Sec. 1237, Pen. Code; *People.* v. *Jackson,* 24 Cal. App. (2d) 182 [74 Pac. (2d) 1085].)

Defendant's specifications of error may be considered under two heads: First, that the evidence is insufficient to support the verdict and judgment, and, second, misconduct on the part of the prosecuting officers.

▮ Defendant urges that because there are "discrepancies" in the testimony of some of the witnesses and between that of certain witnesses for the People, we should reject the evidence of all of those witnesses and order a new trial. We have read the entire record and these "discrepancies" concern minor facts. Such discrepancies are more common than uncommon in the evidence of witnesses who are attempting to tell the truth about events which happened several months prior to the time when they testified. At best these discrepancies only go to the weight of the evidence and the credibility of the witnesses. Such questions, in the first instance, are addressed to the jury, and in the second instance, on motion for new trial, they are addressed to the trial judge. These triers of fact accepted the testimony of these witnesses as true, which is final and conclusive on ap-

peal. Further, a study of the record leaves the conviction that defendant was guilty of both of the crimes of which he was convicted and that the jury would have been remiss in its duty had it brought in a verdict in his favor on either of them.

■ During the opening argument of the deputy district attorney the following occurred:

"Mr. Thompson: Now ladies and gentlemen you are not dealing with an ordinary crook in this case. He is no amateur. He is a professional. He has deceived his own people that thought he was legitimately married to their sister, and they were trying to help him at a time before they knew who he was, what he was, or how he would deal with them.

"Mr. King: If the court please, I ask counsel's pardon for the interruption, but I feel it is my duty to object to that line of evidence, because there is no evidence on which that inference might be drawn.

"The Court: Keep within the record, counsel.

"Mr. King: Might I ask that the jury be instructed to disregard it?

"The Court: Yes, I think the jury should be instructed to disregard the comments as to the relationship of the defendant and the sister of the complaining witness."

Defendant now complains because the trial judge failed to instruct the jury to disregard the statements that he was no ordinary crook, no amateur, a professional.

The objection of counsel for defendant was indefinite. When the trial judge instructed the jury to disregard the latter part of the quoted statement he evidently believed that he was conforming to the request of counsel. If defendant desired to have the jury instructed to disregard the earlier part of the statement, and if he was dissatisfied with the instruction given, he should have called specific attention to those portions of the argument to which he objected. Further, if we assume error on the part of the deputy district attorney we cannot reverse the judgment because of the provision of section 4½ of article VI of the Constitution.

■ The second occasion of purported misconduct of the prosecuting officer occurred during the final argument to the jury. The remark here assigned as error was evidently made in reply to an argument of defense counsel which is not in the record. In the absence of the argument of defense coun-

sel "a reviewing court is unable intelligently to appraise the effect of the criticized remarks and to declare that the language amounts to such prejudicial misconduct as to demand reversal of the judgment". (*People* v. *Chilcott*, 18 Cal. App. (2d) 583 [64 Pac. (2d) 450].) Further, no objection was made to this remark, the trial judge was not requested to instruct the jury to disregard it and it was not assigned as error. The remark was not of such character that prejudice from it must be presumed. Under such circumstances the error, if any, cannot be urged here for the first time. (*People* v. *Tedesco,* 1 Cal. (2d) 211 [34 Pac. (2d) 467].)

The attempted appeal from the verdicts and from the order denying the motion for arrest of judgment is dismissed.

The judgment and the order denying the motion for new trial are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1938.