[Crim. Nos. 920, 921. Fourth Dist. Nov. 19, 1952.]

THE PEOPLE, Respondent, v. MITCHY NAUMCHEFF, Appellant.

James C. Monroe for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with grand theft in taking certain money from the Bank of America. In a separate information, he was charged with grand theft in taking certain money from the Security-First National Bank of Los Angeles. In each information he was also charged with· a prior felony conviction in Oregon, for forgery, resulting in a term of imprisonment in the Oregon State penitentiary. In each case the defendant pleaded not guilty, and denied the prior conviction. By stipulation, the cases were consolidated for trial. A jury found him guilty as charged in both cases, and found the charge of prior conviction to be true. Separate judgments were entered sentencing the defendant to prison, but each judgment provided that he was not adjudged an habitual criminal. He has appealed from the judgment in one case and from an order denying his motion for a new trial in the other.

The appellant first contends that section 668 of the Penal code is unconstitutional in that it violates article ·4, section 2 of the United States Constitution and article 1, section 11 of the California Constitution, which provide that the citizens of each state are entitled to equal privileges and immunities, and that laws of a general nature shall have a uniform operation. It is argued that section 668 draws an invalid distinction between one convicted of a crime in California and one convicted of a crime in another state, since that section applies to a crime which *could* have been punished as a felony in this state, although it was actually punished as a misdemeanor in the other state in' which it was committed.

The question thus raised is academic here since the evidence shows, without dispute, that the appellant had been convicted of forgery in Oregon and had served a term in the penitentiary of that state as a result of that conviction. No unconstitutionality appears insofar as this statute affects the appellant. (*People* v. *Perry,* 212 Cal. 186 [298 P. 19, 76 A.L.R. 1331].) He was not adjudged an habitual criminal, and the provisions of section 668 have no direct application here. (*People* v. *Gutkowsky,* 100 Cal.App.2d 635 [224 P.2d 95].) Moreover, the matter of a prior conviction relates only to punishment for a crime committed in this state, and to its use for purposes of impeachment. Both punishment and impeachment are matters for state determination, and the rules established apply to everyone alike. (See *In re Rosencrantz,* 205 Cal. 534 [271 P. 902].)

■ It is next contended that the jury was not instructed "as to the nature and characteristics of a felony," with the result that it was called upon to decide the issue as to a prior felony conviction without having the definition of a felony to guide it in its deliberations. By the instructions and the forms of verdict submitted the jury was told that, in addition to the issue as to the offense being tried, it was to find whether or not the allegations of a prior conviction were true, and whether or not the appellant had previously been convicted of forgery in Oregon and had served a term of imprisonment therefor in the state penitentiary of that state. In effect, the jury was thus required to find whether or not the prior conviction met the requisites of section 17 of the Penal Code, and no possible prejudice appears.

It is next contended that the court erred in failing to give an instruction on circumstantial evidence based on the appellant's theory "that the jury would disbelieve the testimony of People's witnesses, leaving the People's case purely one of circumstantial evidence." The appellant relies on *People* v. *Bender,* 27 Cal.2d 164 [163 P.2d 8]; *People* v. *Rayol,* 65 Cal.App.2d 462 [150 P.2d 812]; and *People* v. *Hatchett,* 63 Cal.App.2d 144 [146 P.2d 469]. In all of these cases circumstantial evidence was not only a crucial factor but the only evidence there was. ■ However, when there is direct evidence of a crime, and any circumstantial evidence received is incidental to and corroborative of the direct evidence, it is not reversible error to fail to fully instruct on the matter of circumstantial evidence. (*People* v. *Jerman,* 29 Cal.2d 189 [173 P.2d 805]; *People* v. *De Voe,* 123 Cal.App. 233 [11 P.2d 26].) In this case, the facts as to the offenses charged were testified to directly by the bank personnel, two witnesses as to each offense, and the direct evidence, including the identification of the appellant, was ample to sustain the verdicts. The only circumstantial evidence involved was the testimony of two handwriting experts, one for the People and one for the appellant. The jury was instructed that it was to consider the opinion of a duly qualified expert, with the reasons given therefor; that they were not bound to accept the opinion of an expert as conclusive; and that they should give to such an opinion the weight to which they found it to be entitled. The jury was also instructed "that if from the evidence you can with equal propriety draw two conclusions, the one of guilt, the other of innocence, then in such a

case it is your duty to adopt the one of innocence and find the defendant not guilty.'' The jury was sufficiently instructed in this regard, in view of the evidence, and no prejudicial error appears.

The final contention is that the jury should have been instructed that evidence of a prior felony conviction had been received for the limited purpose of impeaching ''the credibility of the testifying defendant.'' The jury was instructed that the fact that a witness had been convicted of a felony, if such was a fact, might be considered in judging the credibility of that witness; that the fact of such conviction would not necessarily destroy or impair the witness' credibility and would not raise the presumption that the witness had testified falsely; that this was simply one of the circumstances to be taken into consideration in weighing the testimony of such a witness; and that this rule would apply equally to the defendant or to any other witness. No other instruction in this regard was requested, and no prejudice appears.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.