[Crim. No. 1062.    Fourth Dist.    May 23, 1956.]

THE PEOPLE, Respondent, v. CHARLES E. NORTON, Appellant.

Gladys Towles Root and Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Joan D. Gross, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant was tried before Judge Mouser of Imperial County, duly assigned to sit in the San Diego Superior Court. Defendant was convicted by a jury of the crime of violating section 288 of the Penal Code in committing certain lewd and lascivious acts on a 9½-year-old child. Defendant was then represented by his counsel, R. Alston Jones. On July 12, defendant was certified for examination as a sexual psychopath, resulting in a finding that he was not such a psychopath. The motion for new trial and application for probation came on for hearing before Judge Hewicker and no objection was then made by defendant's attorney Gordon E. Von Kalinowski, who represented defendant at such hearing, to such judge presiding over these proceedings. In fact, defendant's attorney stated to the court that he did not represent defendant at the trial and that the judge then presiding did not try the case and conceded both were more or less strangers to it. At the conclusion of the hearing Judge Hewicker denied the motion for new trial and he then pointed out to defendant's counsel that Judge Turrentine, having presided at the sexual psychopath hearing,

was in better position to analyze the probation officer's report, and it was set before him without objection. In fact, defendant's counsel as well as the defendant in person, stated that this was "agreeable." On October 18, the hearing was thus had without any expression of dissatisfaction or objection, and the application for probation was denied. He was then arraigned for judgment and asked if there was any legal cause why judgment should not be pronounced and defendant replied: "No legal cause."

The main contentions of defendant on appeal are first, that the court erred in not allowing the trial judge to handle the motion for new trial and to pronounce judgment and sentence.

██ The superior court, although divided into departments with various judges, is one court and, in the absence of valid objection registered by the defendant no prejudice can be presumed when the judge who presided at the trial did not hear the motion for a new trial or pronounce the judgment and sentence. ██ In the absence of any sufficient showing, we must presume that defendant assented to such change of judges, and not having objected, defendant is presumed to have waived any such claimed error. ██ Although it is preferable for the member of the court who presided at the trial to hear the motion for a new trial, this is not a statutory right and the court had jurisdiction to act. (*People v. Casselman*, 10 Cal.App. 234 [101 P. 693].) The cases of *People v. Hobson*, 17 Cal. 424, 429; and *People v. Henderson*, 28 Cal. 465, relied upon by defendant, furnish authority for holding that the proceedings, although unusual, were free from prejudicial error.

██ The next claim is that the evidence is insufficient to justify the verdict. The victim's father had a ranch in Oak Grove, where she visited on April 23d and 24th, 1955. Defendant was employed there and was painting the water shed with red paint. After several sexual overtures toward the child they repaired to a secluded spot behind some bushes, playing "Hide and Seek" with other girls. Later, about dusk, the two went up to a well, and defendant had the child sit on his lap. He unsnapped her panties, fondled her private parts, exposed his, and had her place her hands on it. She testified it was wet. The next day the child told of defendant's conduct. She further testified that defendant told her not to tell her father or he would get in trouble with him. A colored substance resembling red paint was found on the inside of the child's panties and she said it was not

placed there by her. Other witnesses corroborated the absence of the two at the time, and other corroborating circumstances were related by other witnesses. Defendant admitted playing ''Hide and Seek'' with the girls but denied committing the acts charged. Without setting forth the evidence in further detail, it is sufficient to say that it fully supports the charge.

■ Defendant next charges the prosecuting attorney with prejudicial misconduct in his argument to the jury. This is predicated on certain claims made on the motion for new trial, as to statements believed to have been made by him. There was no reporter's transcript of the arguments made a part of the record on appeal. Accordingly, we are unable to verify the statements and should not consider them on this appeal. They apparently involved certain statements made by the prosecutor in answer to certain accusations of defendant's counsel in his argument that the witness had been coached, that the testimony was a ''figment of her imagination,'' and if the other girls were called as witnesses by the prosecution they would so indicate. In reply, the prosecutor told the jury she had not been coached, that he believed the defendant was guilty, and that the two other girls, aged 4 and 5, if capable of being witnesses, would not, at the time of trial, remember any of the facts. If true, some of these statements may well have been error. (*People* v. *Romero,* 143 Cal. 458 [77 P. 163] ; *People* v. *Edgar,* 34 Cal.App. 459 [167 P. 891] ; *People* v. *Kramer,* 117 Cal. 647 [49 P. 842].) Since counsel for defendant made no objection at the time and did not move to strike or ask the court to admonish the jury to disregard these statements, and since the truth of their utterance is not established by a competent record, defendant may not now be heard to complain. (*People* v. *Lawyer,* 1 Cal.App.2d 1 [35 P.2d 1036] ; 17 West's Cal.Dig., p. 199, Key 1119(4) ; 8 Cal.Jur., p. 508, § 521.)

Next, it is claimed that the court erred in not giving, on its own motion, further instructions on circumstantial evidence involving criminal knowledge and intent, citing such cases as *People* v. *Yrigoyen,* 45 Cal.2d 46 [286 P.2d 1] ; *People* v. *Koenig,* 29 Cal.2d 87 [173 P.2d 1] ; and cases cited therein. The court did give the general instruction pertaining to direct and circumstantial evidence in the general language of CALJIC Number 24, page 25. It also gave one on reasonable doubt and stated that a necessary element of the offense is the existence in the mind of defendant of the intent to

gratify the lust, passion and sexual desires of defendant or of the child, and unless such intent so exists that crime is not committed. A further instruction was given to the effect that it was not essential to a conviction that the testimony of the prosecuting witness be corroborated by other evidence, provided that from all the evidence the jury was convinced beyond a reasonable doubt and to a moral certainty of the defendant's guilt; that a charge such as that made against the defendant in this case was one which, generally speaking, was easily made, and once made it was difficult to disprove, even if the defendant was innocent; and that the law requires that the jury examine the testimony of the prosecuting witness with caution.

■ The defendant did not offer and the court did not give an instruction to the effect that to justify a conviction on circumstantial evidence, the facts and circumstances must not only be consistent with the theory of guilt, but must be inconsistent with any other rational conclusion. In *People* v. *Yrigoyen, supra,* passing a check without funds with intent to defraud, it was held that this instruction must be given when criminal knowledge is shown only by circumstantial evidence. Here the conviction was not based entirely on circumstantial evidence. It was based principally upon the direct testimony of the victim and the circumstantial evidence was only incidental or corroborative. (*People* v. *Jerman,* 29 Cal.2d 189 [173 P.2d 805].) Since the defendant denied the charge *in toto* and the direct evidence of the minor child clearly indicated the criminal knowledge and intent of defendant and there was no other reasonable conclusion that could be drawn from such evidence except an intent to satisfy the lust, passions and sexual desires of the defendant or the child, the failure to give the further instruction was not prejudicial error. (*People* v. *Naumcheff,* 114 Cal.App.2d 278 [250 P.2d 8]; *People* v. *Candiotto,* 128 Cal.App.2d 347 [275 P.2d 500]; *People* v. *Savage,* 66 Cal.App.2d 237 [152 P.2d 240]; *People* v. *Marvich,* 44 Cal.App.2d 858 [113 P.2d 223]; *People* v. *Pearson,* 111 Cal.App.2d 9 [244 P.2d 35].)

■ Lastly, claim is made that the trial court erred in receiving evidence of the complaint by the child on April 25th on the ground it was an unreasonable delay and was not a voluntary complaint. Defendant threatened the child if she told of the affair. The delay was not over 24 hours after the incident and apparently the complaint was made at the first opportunity she had to tell one in whom the prosecutrix had

confidence. There is no sufficient evidence justifying a holding that the complaint was not voluntarily made. We see no merit to these claims under the evidence produced. (*People* v. *Baldwin,* 117 Cal. 244 [49 P. 186]; *People* v. *Barney,* 114 Cal. 554 [47 P. 41].)

Judgment and order denying a new trial affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 20, 1956.