[Crim. No. 3561.   First Dist., Div. Two.   May 11, 1959.]

THE PEOPLE, Respondent, v. DEWEY ELY, Appellant.

*Assigned by Chairman of Judicial Council.

Wainwright & Fleishell for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and John Rudden, Assistant District Attorney, for Respondent.

DRAPER, J.—Defendant appeals from judgment entered upon jury verdict finding him guilty of violation of Penal Code, section 288.

This case is a rarity, in that two persons who observed the occurrences from the window of an apartment, as well as the child involved, were witnesses for the prosecution. In view of these facts, appellant's concession that he does not urge insufficiency of the evidence is somewhat superfluous.

Appellant asserts error in the failure of the trial court to instruct as to the test of circumstantial evidence (CALJIC 27). ██ The intent of "arousing, appealing to, or gratifying the lust or passions or sexual desires" of defendant or the child is, of course, an essential element of the crime charged (Pen. Code, § 288). ██ Appellant contends that, lacking any admission by him, his intent can be determined only by inferences drawn by the jury from his physical acts, and that such inferences constitute indirect or circumstantial evidence. In strict definition, he is correct. Thus, even though not requested, the instruction on circumstantial evidence should have been given. (*People* v. *Yrigoyen*, 45 Cal.2d 46, 49 [286 P.2d 1] ; *People* v. *Bender*, 27 Cal.2d 164, 174 [163 P.2d 8].) However, in the light of the conduct of appellant testified to by the child and the two eyewitnesses, it is difficult to find prejudice to appellant in the omission of the instruction.

Appellant did not, as his brief attempts to suggest, admit all the physical acts charged against him and deny only his wrongful intent. Rather, he admitted only the equivocal acts of placing his arm around the child (his daughter) and kissing

her. He flatly denied each and all of the revolting acts testified to in detail by the three prosecution witnesses. It would serve no purpose to recite these acts here. As detailed in the transcript, they compel the conclusion that they evidenced the requisite lustful intent. The jury, accepting the direct evidence that these acts were performed, could not question their motivation. Thus there was no prejudice. (*People* v. *Norton,* 141 Cal.App.2d 790, 794 [297 P.2d 439]; *People* v. *Andrus,* 159 Cal.App.2d 673, 684 [324 P.2d 617].)

This conclusion is not weakened by the fact that a previous jury failed to agree. Rather, it seems clear that the disagreement could concern only the physical facts, and not the intent to be inferred from them once their existence was found.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.